# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PREMIER BANKCARD, LLC,<br><br>　　　　Defendant.<br>_____ | 1:11-cv-01101 LJO GSA<br><br>**ORDER FOLLOWING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF DENIAL OF IN FORMA PAUPERIS STATUS**<br><br>(Document 7) |

　　　　Plaintiff David Chavez is proceeding pro se in this civil action, having filed a complaint on July 5, 2011. (Doc. 1.) That same date, he submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 3.) The original application was denied as incomplete, and Plaintiff was to either pay the filing fee or submit a completed application within thirty days. (Doc. 4.) On July 14, 2011, Plaintiff submitted a completed application. (Doc. 5.) Thereafter, on July 18, 2011, this Court issued an Order Denying Second Application to Proceed Without Prepayment of Fees, and directed Plaintiff to pay the required filing fee no later than August 15, 2011. (Doc. 6.)

//

1

On July 21, 2011, Plaintiff filed a "Response to Second Denial of In Forma Pauperis Status." Plaintiff asks this Court to reconsider this application, indicating his family size is in fact four persons: him, his spouse and his two minor daughters. Further, Plaintiff asserts his wife's income "is not $2,226 per month," rather it is $2,126 per month. (*See* Doc. 7.) The Court accepts Plaintiff's first assertion, but rejects the latter. In any event, for the explanation that follows, Plaintiff's application will be granted.

First, as Plaintiff correctly points out, this Court mistakenly calculated Plaintiff's family size to be three: him, his spouse and *one* minor daughter. The Court was in fact mistaken as Plaintiff's completed application filed July 14, 2011, states he and his wife have *two* minor daughters. (Doc. 5 at 2.) Thus, the proper calculation for purposes of the federal poverty guidelines should be based upon income for a family of four. That specific guideline provides for an annual salary not to exceed $22,350. (*See* http://aspe.hhs.gov/poverty/11poverty.shtml.) Therefore, Plaintiff's wife's annual salary of $22,260 ($2,226 x 10) does *not* in fact exceed the federal guidelines.

Lastly, while Plaintiff asserts his wife's income is "$2,126 for nine (9) months of the year" (Doc. 1 at 1-2), this is a departure from the completed application that the Court does not accept. The completed application filed July 14, 2011, very clearly states that Plaintiff's wife is the sole wage earner, working "for Visalia Unified School District for 10 months of the year. She receives a monthly paycheck of $1779 (net) ($2,226 gross), and is paid for 10 months of work." (Doc. 5 at 2.)

Nevertheless, because Plaintiff's wife's annual income falls $90 below the poverty guideline threshold for a family of four, he is entitled to proceed without prepayment of the filing fee. As a result, his application is hereby GRANTED.

Finally, Plaintiff is reminded that the Court will screen his complaint in due course and he shall take no action to serve his complaint in the interim. Plaintiff is also reminded that the Court will dismiss a case at any time if it determines that the action is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  *See also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

IT IS SO ORDERED.

**Dated:   July 25, 2011**                             /s/ Lawrence J. O'Neill
                                                                         UNITED STATES DISTRICT JUDGE

3