# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>PREMIER BANKCARD, LLC,<br><br>    Defendant. | 1:11-cv-01101 LJO GSA<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

On July 5, 2011, David Chavez ("Plaintiff"), appearing pro se and in forma pauperis, filed a complaint alleging violations of 15 U.S.C. § 1692 *et seq*., ("the Fair Debt Collection Practices Act or "FDCPA"). The Court has screened the complaint and the complaint will be dismissed with leave to amend.

///

///

1

**DISCUSSION**

A. <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. <u>Plaintiff's Allegations</u>

Plaintiff alleges that on October 13, 2009, Defendant Premier Bankcard, L.L.C ("Defendant") "initiated a soft pull of [his] credit report from Experian without permissible purpose." Plaintiff alleges willful and negligent non-compliance with 15 U.S.C. § 1681b(f). Plaintiff seeks two thousand dollars in monetary damages, attorney fees, and costs.

///

///

2

C.      Analysis of Plaintiff's Claims

**1.    *Rule 8(a)***

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

When evaluating the sufficiency of a complaint a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

Moreover, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a probability requirement, but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a

> context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50 (internal cites and quotes omitted). "In sum, for a complaint to [state a claim], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### 2. *The FDCPA*

In this case, Plaintiff relies on 15 U.S.C. § 1681(b)(f) as the statutory basis of his claims which provides the following :

(f) Certain use of obtaining of information prohibited

A person shall not use or obtain a consumer report for any purpose unless –

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1618e of this title by a prospective user of the report through a general or specific certification.
15 U.S.C. § 1681(a)(d).

The only allegations contained in the Plaintiff's complaint are the conclusory statements that Defendant violated 15 U.S.C. § 1681(b) by obtaining Plaintiff's consumer report without a permissible purpose. (Doc. 1 at pgs. 2-3). Plaintiff has not provided any factual basis in support of his claim. For example, it is unclear what a "soft pull" of Plaintiff's credit report is, what relationship Defendant is to Plaintiff, why Defendant requested the report, how Plaintiff knows that his credit report was requested, or how Defendant's actions violated a specific section of the FCDPA (i.e. why Plaintiff believes that it was improper for Defendant to request his report). Without these facts, Plaintiff has failed to state a claim.

In this instance, more information must be provided. The Court will dismiss Plaintiff's complaint but will give Plaintiff leave to file an amended complaint to cure any deficiencies. Plaintiff is provided with the following information which he shall review prior to filing any

4

amended complaint.

Under the FDCPA a consumer report is defined as :

any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for –

(A) credit or insurance to be used primarily for personal, family, or household purposes;
(B) employment purposes; or
(C) any other purpose authorized under section 1681b of this title.
15 U.S.C. § 1681a(d).

Pursuant to section 1681b(a), any consumer reporting agency may furnish a consumer report under the following circumstances :

(1) In response to a court order;

(2) At the consumer's written instructions;

(3) To a person which it has reason to believe--

 (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

 (B) intends to use the information for employment purposes; or

 (C) intends to use the information for the underwriting of insurance; or

 (D) intends to evaluate eligibility for governmental licences or other benefits; or

 (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

 (F) otherwise has a legitimate business need for the information--

  (i) in connection with a business transaction that is initiated by the consumer; or

  (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

 (G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards;

(4) In response to a request by the head of a State or local child support enforcement agency ... ;

(5) To the Federal Deposit Insurance Corporation or the National Credit Union Administration ... in connection with the resolution or liquidation of a failed or failing insured depository institution or insured credit union. [1]
15 U.S.C. § 1681b(a).

### 3. Leave to Amend Complaint

Although it is not entirely clear from the complaint, it appears that Plaintiff is attempting to allege that Defendant requested his credit report without his authorization or when he had not specifically applied for credit. However, as noted above, credit reports may be issued to financial institutions when the lender is considering whether to extend credit to a consumer or when attempting to collect on an account. 15 U.S.C. §§ 1681a(d) and 1681b(a)(3). Plaintiff shall consider the standards set forth in this order and only file an amended complaint if he believes his claim is cognizable. If Plaintiff chooses to file a First Amended Complaint, it should contain not only additional factual information as outlined above, but an explanation on how the facts are a violation of the laws which serve as the basis of his claims. The document shall bear the docket number assigned in this case and be labeled "First Amended Complaint." If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, and

---

[1] Plaintiff should refer to this section of the United States Code directly as this citation only highlights sections of this provision.

2.  Plaintiff is advised that failure to file an amended complaint within the time specified, will result in dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

**Dated:  October 5, 2011**                              /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE