1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID CHAVEZ, | ) | 1:11-cv-01101 LJO GSA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **TO DISMISS AMENDED COMPLAINT** |
| PREMIER BANKCARD, LLC, | ) | **WITHOUT LEAVE TO AMEND** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## INTRODUCTION

On July 5, 2011, David Chavez ("Plaintiff"), appearing pro se and in forma pauperis, filed a complaint alleging violations of 15 U.S.C. § 1691 *et seq*., ("the Fair Credit Reporting Act or "FCRA"). The Court screened the complaint and dismissed with leave to amend on October 6, 2011. (Doc. 9). Plaintiff filed an amended complaint on October 14, 2011.(Doc. 10). Upon a review of the pleading, the Court recommends that the amended complaint be dismissed without leave to amend.

///
///

1

1

**DISCUSSION**

2

A.    Screening Standard

3        Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

4    complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

5    if the court determines that the action is legally "frivolous or malicious," fails to state a claim

6    upon which relief may be granted, or seeks monetary relief from a defendant who is immune

7    from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

8    a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

9    cured by amendment.

10        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

13    467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

14    Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

15    complaint under this standard, the Court must accept as true the allegations of the complaint in

16    question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the

17    pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d

18    443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen,

19    395 U.S. 411, 421 (1969).

20    B.    Plaintiff's Allegations

21        *The Initial Complaint*

22        In the first complaint, Plaintiff alleged that on October 13, 2009, Defendant Premier

23    Bankcard, L.L.C ("Defendant") "initiated a soft pull of [his] credit report from Experian without

24    permissible purpose."  Plaintiff alleged willful and negligent non-compliance with 15 U.S.C. §

25    1681b(f).  Plaintiff was seeking two thousand dollars in monetary damages, attorney fees, and

26    costs.

27

28                                                    2

*The Amended Complaint*

In the amended complaint, Plaintiff essentially makes the same allegations as in the first complaint.  Specifically, he contends that on April 21, 2011, he was reviewing his credit report online when he discovered that Defendant had initiated a "soft pull" of his credit report from Experian without permissible purpose and that he did not give written permission or instructions allowing Defendant to do so. (Doc. 10 at pg. 2). Moreover, Plaintiff asserts he did not receive any offers of credit, nor does he have an account with Defendant. Id.  Plaintiff again alleges willful and negligent non-compliance with 15 U.S.C. § 1681b(f) pursuant to 15 U.S.C. §§ 1681(n) and (o).  Plaintiff seeks two thousand dollars in actual, statutory and punitive damages, as well as attorney fees, and costs.(Doc. 10 at pgs. 3-4).

C.    Analysis of Plaintiff's Claims

1.    *Rule 8(a)*

Plaintiff was previously advised that Rule 8(a) states, a complaint must contain "a short and plain statement of the claim."  The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

When evaluating the sufficiency of a complaint a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

3

Moreover, factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact).  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." Iqbal, 129 S.Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a probability requirement, but it asks more
> than a sheer possibility that a defendant has acted unlawfully.  Where a complaint
> pleads facts that are merely consistent with a defendant's liability, it stops short of
> the line between possibility and plausibility of entitlement to relief.
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a
> context specific task that requires the reviewing court to draw on its judicial
> experience and common sense.  But where the well-pleaded facts do not permit
> the court to infer more than the mere possibility of misconduct, the complaint has
> alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50 (internal cites and quotes omitted).  "In sum, for a complaint to [state

a claim], the non-conclusory 'factual content,' and reasonable inferences from that content, must

be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret

Service, 572 F.3d 962, 969 (9th Cir. 2009).

### 2.    The FCRA [1]

Plaintiff relies on 15 U.S.C. § 1681(b) as the statutory basis of his claims.  Section

1681(b)(f) provides the following :

(f) Certain use of obtaining of information prohibited

A person shall not use or obtain a consumer report for any purpose unless –

(1) the consumer report is obtained for a purpose for which the consumer report is
authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1618e of this title by a prospective

---

[1]  In the initial screening order, the Court erroneously identified the Federal Debt Collection Practices Act
instead of the FCRA.  However, the specific statutory references were correct.

4

user of the report through a general or specific certification.
15 U.S.C. § 1681(a)(d).

Plaintiff was previously advised by the Court that a consumer reporting agency may furnish a consumer report under several different circumstances including, but not limited to, providing the information to a person which it has reason to believe intends to use the information in connection with the extension of credit to a consumer.  15 U.S.C. § 1681b(a)(3)(A).

Moreover, Congress amended the FCRA in 1996 to permit creditors to purchase prescreened lists of consumers who meet the creditor's specific criteria without the consumers' consent as long as the purchaser intends to give the consumer a "firm offer of credit." 15 U.S.C. § 1681b(c)(1)(B)(i). Creditors interested in extending firm offers of credit provide the credit reporting agency with their credit specifications and the agency generates a list of consumers who meet that criteria based on information contained in their credit reports. See § 1681b(c); See also Poehl v. Countrywide Home Loans, 528 F.3d 1093, 1096 (8th Cir. 2008) ("Congress amended FCRA to allow lenders to utilize prescreened lists of specific criteria to consumers who meet the creditor's criteria without the consumers' consent as long as the purchaser intends to give the consumer a 'firm offer of credit.' "); Kennedy v. Chase Manhattan Bank, USA, 369 F. 3d 833, 840-841 (5th Cir. 2004) citing 15 U.S.C. § 1681b(c)(2)("In the prescreening process, credit reporting agencies compile lists of customers who meet specific criteria, and then provide the lists to a creditor, who uses the lists to solicit customers with firm offers for credit."); Trans Union LLC v. Federal Trade Commission, 122 S.Ct. 2386, 2387 (2002) (Mem.) (Kennedy, J., dissenting) ("the FCRA permits prescreening-the disclosure of consumer reports for target marketing for credit ...."). A "firm offer of credit" is "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based upon information in a consumer report on the consumer, to meet specific criteria used to select the consumer for the offer ..." 15 U.S.C. § 1681a(1).  Thus, section1681b makes it clear that consumer consent is not a prerequisite to release credit information to a creditor.  See,15 U.S.C. § 1681b(c)(1)(B)(i)-(iii).

5

1    Here, the only allegations contained in Plaintiff's amended complaint are the conclusory

2    statements that Defendant violated 15 U.S.C. § 1681(b) by obtaining Plaintiff's consumer report

3    without a permissible purpose.  (Doc. 10 at pgs. 2-4).  Although Plaintiff added the facts that he

4    did not give his permission for the release, and that he did not receive any offers of credit, he has

5    not pled sufficient facts to state a claim.  For example, Plaintiff alleges that Premier Bankcard

6    initiated a "soft pull" of his credit, however, he has not explained what a 'soft pull' is or why this

7    was not permissible given the prescreening procedures that are authorized under the statute.

8    Thus, Plaintiff's allegations with respect to section 1681b do not contain sufficient factual matter

9    to "state a claim to relief that is plausible on its face." Iqbal 129 S. Ct at 1949 (quoting Twombly,

10   550 U.S. at 570).

11   Additionally, it is true that the FCRA provides for a private right of action if a creditor

12   willingly, knowingly, or recklessly violated its provisions. See 15 U.S.C. § 1681n; Safeco v.

13   America v. Burr, 127 S.Ct. 2201, 2208-10 (2007) (willful failure to comply with FCRA's

14   mandates includes reckless failure); see also 15 U.S.C. § 1681o (private right of action for

15   negligent failure). However, other than stating the legal conclusion that Defendants acted

16   negligently and willfully, Plaintiff has not provided any factual basis to support these causes of

17   action.  When evaluating the sufficiency of a complaint, legal conclusions are not accepted as

18   true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory

19   statements, do not suffice."  Iqbal, 129 S.Ct. at 1949-50.; see also Warren, F.3d at 1139.  In this

20   instance, conclusory statements that Defendant acted wilfully and negligently is all Plaintiff has

21   alleged.

22   Finally, although FCRA does allow a plaintiff to sue for negligent violations of the

23   statute, it provides relief only if the plaintiff can show actual damages. 15 U.S.C. § 1681o.

24   Similarly, the court may award either actual damages or statutory damages which range from

25   $100 to $1000 per consumer, as well as punitive damages, costs, and attorney fees for willful

26   violations of the statute. See,15 U.S.C. § 1681n(a). Poehl v. Countrywide Home Loans, Inc.,528

27

28                                                         6

F.3d 1093, at 1097.  In this regard, a plaintiff must affirmatively prove that he is entitled to these damages. Ruffin-Thompkins v. Experian Info. Solutions, Inc., 422 F.3d 603, 610 (7th Cir. 2005). Without a causal relationship between the violation of the statute and some harm, Plaintiff cannot obtain an award of actual damages.  Crabill v. Trans Union, 259 F. 3d 662, 665 (7th Cir. 2001). Thus, Plaintiffs who fail to allege or prove actual damages have no standing to sue under 15 U.S.C. § 1681o. Id.; Troy v. Home Run Inn, Inc., 2008 WL 1766526, *4 (N.D.Ill. 2008). Nowhere in Plaintiff's amended complaint does he allege any injury as a result of Defendant's actions.  Accordingly, he has not offered any factual basis that would entitle him to actual damages sufficient to raise the possibility of relief above the speculative level for negligent actions under 15 U.S.C. § 1681o.  Similarly, since Plaintiff has only alleged conclusory allegations for his claims of willful misconduct, his claims for statutory and punitive damages pursuant to 15 U.S.C. § 1681n are not cognizable. Ruffin-Thompkins v. Experian Info. Solutions, Inc., 422 F.3d at 610.

///
///
///
///
///
///
///
///
///
///
///
///

7

1    ///

2

3                              **RECOMMENDATIONS**

4         Based on the above, this Court recommends that this case be dismissed without leave to

5    amend as Plaintiff has already been given leave to amend to cure the deficiencies in his pleading

6    and has failed to do so.

7         These findings and recommendations will be submitted to the Honorable Lawrence J.

8    O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after

9    being served with these Findings and Recommendations, Plaintiff may file written objections

10   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

11   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

12   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

13   (9th Cir. 1991).

14        IT IS SO ORDERED.

15   **Dated:    November 8, 2011**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28                                        8